On Application for a Rehearing.
Breaux, J.
The defendant in her application for a rehearing, through her counsel, argues anew the different grounds previously argued.
They have been considered and passed upon in our decision.
We will nevertheless review again two of the points presented.
They are first, that the trial court erred in not instructing the jury as requested that “direct evidence is stronger and overturns evidence as to general reputation.”
The trial judge in the bill of exceptions states that he based his refusal on the fact that “ he had already previously fully instructed the .jury on the subject matter.” Considering the points presented with reference to the issues as presented by the trial judge, we do not discover that he erred in refusing to give the charge requested. The weight to, be given to the statement of facts in the bill of exceptions is well defined in a number of decisions of this Court. The trial judge certifies to the facts, and unless it is shown that they are incorrectly stated, they are considered as correctly narrated. State vs. Broussard, 39 An. 671.
Second — That particular facts constituting the offence must be proved, and “ not general reputation,” is the other instruction requested.
Mr. Woods, in his treatise on the Law of Nuisances, announces the principle of evidence on this point, as follows:
“ Mere reputation is not sufficinet, for that is often wholly unreliable *1017 and unworthy of credence; but when accompanied with evidence showing the dissolute character of the inmates and of the persons visiting them, it is admissible as tending to establish the offence ” Par. 50, Sec. 29.
In Dillon it is stated “ that the common reputation as to the character of the defendants, and of the houses which they keep, is. admissible.” Dill. Mun. Corp., Vol. 1, p. 412, note 1, 2d Ed.
In considering this point we did not feel authorized, in the absence of proof, to assume that there was evidence only of bad reputation, offered and admitted.
That portion of the charge of the trial judge narrated in the bill of' exceptions, and the finding of the jury, negative the grounds upon-which the defendant based her application for a new trial on this, point.
Defining of evidence (urged by the defendant) to make out the case (of this we have no proof) offers no ground for reversal on. appeal.
The ease comes to us as made out on testimony of reputation, accompanied, we must presume, with other evidence establishing guilt.
The rehearing is refused.